**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Isaac Kane Perez,<br><br>Defendant. | No. CR-18-00778-PHX-DGC<br><br>**ORDER** |

Defendant Isaac Perez is in the custody of the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582(c), Defendant has filed a motion for compassionate release due to ongoing health concerns from the COVID-19 pandemic. Doc. 70. The government has filed a response. Doc. 71. For reasons stated below, the Court will deny the motion.

**I.      Background.**

In June 2018, a grand jury charged Defendant with two crimes – importation of methamphetamine (count one) and the lesser-included offense of possession with intent to distribute the drug (count two). Docs. 9, 11; *see* 21 U.S.C. §§ 841(a)-(b), 952(a), 960(a)-(b). Defendant pled guilty to count two on June 26, 2019. Docs. 48, 49. On December 4, 2019, the Court sentenced Defendant to 57 months in prison followed by three years of supervised release. Docs. 60, 62.

Defendant is confined at the federal correctional institution in Safford, Arizona ("FCI-Safford"). *See* Federal BOP, *Find an inmate*, https://www.bop.gov/ inmateloc/ (last visited Jan. 4, 2021). His projected release date is November 29, 2021. *See id.*

On June 10, 2020, Defendant asked the warden at FCI-Safford for compassionate release. Doc. 70 at 1. The request was denied on June 17. Doc. 70-1. Defendant filed this motion, through appointed counsel, on November 30. Doc. 70. The government filed a response on December 5. Doc. 71. Defendant filed no reply, and the time for doing so has passed. *See* LRCrim 47.1; LRCiv 7.2(d).

**II.     Compassionate Release Under § 3582(c) and the First Step Act.**

Compassionate release is governed by § 3582(c). *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). On December 21, 2018, Congress enacted – and the President signed into law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

The FSA amended § 3582(c) to permit motions for compassionate release by defendants. A defendant may bring such a motion after: (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. *See* § 3582(c)(1)(A); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, the amended version of § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –

> (1) in any case –
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

## III. Defendant's Motion.

Defendant filed the present motion more than five months after he submitted his administrative request for compassionate release to the warden at FCI-Safford. The Court therefore has jurisdiction under § 3582(c)(1)(A).

Defendant seeks compassionate release due to his heart disease, hypertension, obesity, and gout. Doc. 70 at 8. The government argues that Defendant's motion should be denied because he is a danger to the community and the § 3553(a) factors do not weigh in favor of early release. Doc. 71 at 1, 6-7. The Court finds that Defendant has shown extraordinary and compelling reasons for compassionate release, but a sentence reduction would not serve the purposes of 18 U.S.C. § 3553(a) and Defendant has failed to show that he no longer is a danger to the community.

### A. Extraordinary and Compelling Reasons.

While § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G.

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

§ 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[2]

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

BOP medical records show that Defendant suffers from heart disease, hypertension, and obesity. Docs. 70-2 at 7, 14, 23, 34, 78-79. The Centers for Disease Control and Prevention ("CDC") has identified heart disease and obesity as medical conditions that pose a serious risk for severe illness from COVID-19. *See* CDC, COVID-19 (Coronavirus Disease), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 17, 2020); CDC, Overweight & Obesity, *Obesity Worsens Outcomes from COVID-19*, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (people "with excess weight are at even greater risk during the COVID-19 pandemic" because obesity may triple the

---

[2] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the FSA. By its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director. U.S.S.G. § 1B1.13. The Sentencing Commission has not amended the current policy statement since the FSA was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)). While the current policy statement may not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance. *See id.*

4

risk of hospitalization due to a COVID-19 infection, is linked to impaired immune function, and decreases lung capacity) (last visited Dec. 17, 2020).[3]  The CDC also has identified hypertension as a potential risk factor from COVID-19 infections.  *See* CDC, *People with Certain Medical Conditions*, *Hypertension or high blood pressure*; *United States. v. Ramos*, No. 17-CR-00379-LHK-2, 2020 WL 7247208, at *4 (N.D. Cal. Dec. 9, 2020) (noting that "[t]he CDC in fact lists 'hypertension or high blood pressure' in the 'might increase risk category'").

The Court finds, and the government agrees (Doc. 71 at 1), that Defendant suffers from a combination of medical conditions that would present serious risks if he were to contract COVID-19.  *See United States v. Monroy*, No. 11-CR-00656-LHK, 2020 WL 7342735, at *3 (N.D. Cal. Dec. 14, 2020) ("The CDC website confirms that individuals with heart conditions . . . have an increased risk of severe illness from COVID-19.") (citing CDC, *People with Certain Medical Conditions, Heart Conditions and Other Cardiovascular and Cerebrovascular Diseases*); *United States v. Johnson*, No. 3:18-CR-00162 (MPS), 2020 WL 4449797, at *2 & n.4 (D. Conn. Aug. 3, 2020) ("According to the [CDC], 'people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19.'  Obesity . . . is one of these underlying medical conditions.") (quoting CDC, *People with Certain Medical Conditions*, *Obesity*); *United States v. Nassar*, No. 2:17-CR-00104-KJM-1, 2020 WL 6484181, at *2 & nn.3-7 (E.D. Cal. Nov. 4, 2020) ("District courts within the Ninth Circuit have recognized that . . . hypertension . . . increase[s] the risk of serious COVID-19 symptoms and complications.") (citing cases).

Defendant is not likely to recover from his medical conditions while incarcerated.  And as of January 4, more than 500 inmates at FCI-Safford have tested positive for COVID-19.  *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/ coronavirus/.

---

[3] A person with a body mass index ("BMI") of 30 or greater is obese.  *See id.*; *United States v. Moo*re, No. CR 14-315-06, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020) (the CDC has defined obesity as a BMI over 30).  Defendant has a BMI of 33 (69 inches tall at 225 pounds).  Doc. 70-2 at 79.

5

"Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). But given Defendant's medical conditions and the COVID-19 infections that have occurred at FCI-Safford, Defendant's fear of contracting the virus is real and not merely a general concern. The Court finds extraordinary and compelling reasons for a sentence reduction. *See United States v. Williams*, No. 3:99-cr-00161-HDM-RAM, 2020 WL 5517660, at *3 (D. Nev. Sept. 14, 2020) ("The government concedes that extraordinary and compelling reasons exist in this case [because] Williams . . . suffers from several ailments that put him at a greater risk of COVID-19 complications: heart disease, hypertension, . . . and obesity. The court concludes that extraordinary and compelling reasons exist."); *United States v. Parker*, 461 F. Supp. 3d 966, 979-80 (C.D. Cal. May 21, 2020) ("Since the onset of the COVID-19 pandemic, courts have determined that inmates suffering from conditions such as hypertension . . . are now at an even greater risk of deteriorating health, presenting 'extraordinary and compelling' circumstances that may justify compassionate release.").

**B.    Section 3553(a) Factors.**

Defendant's COVID-19 risk factors do not, however, end the Court's inquiry. Section 3582(c)(1)(A)(ii) "provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a)[.]'" *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *3 (D. Md. Nov. 24, 2020); *see United States v. Soza-Soto*, No. 19-CR-684-GPC, 2020 WL 7260663, at *3 (S.D. Cal. Dec. 10, 2020) ("Before determining if release is warranted, the Court must also take into account public safety and the Section 3353(a) sentencing factors.") (citing § 3582(c)(1)(A)(ii); U.S.S.G. § 1B1.13(2)). The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of

the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). In considering the § 3553(a) factors, the Court "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release[.]" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

Defendant engaged in the serious criminal conduct of possessing with intent to distribute a very large quantity of methamphetamine, a highly dangerous drug. Docs. 11 at 1-2, 58 ¶¶ 6-8, 61 at 8-9. On May 22, 2018, Defendant was apprehended at the port of entry in San Luis, Arizona with 73.6 kilograms of methamphetamine hidden in the side panels of his vehicle. Docs. 58 ¶¶ 6-7, 61 at 9. He knew the drugs were hidden in the vehicle and intended to deliver them to another person in exchange for $4,000. Doc. 61 at 9. When arrested, Defendant told Custom and Border Protection officers that he began importing illegal substances in his spare tire approximately one month before the arrest and had made approximately ten crossings to Phoenix and Los Angeles. Doc. 58 ¶ 8. His guidelines range was 87 to 108 months, but he was sentenced well below the range to a term of 57 months. Docs. 58 ¶ 64, 62 at 1. To date, Defendant has served less than 26 months of his 57-month sentence. *See* Doc. 70 at 16 (noting that he was sentenced on December 2, 2019, with 385 days of presentence credit).

Defendant's good behavior while in prison is commendable. *See* Doc. 70 at 17. But releasing him from prison at this time would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his very serious offense, or afford adequate deterrence to criminal conduct. The Court finds that the § 3553(a) factors outweigh the extraordinary and compelling reasons allowing for compassionate release. *See Ebbers*, 432 F. Supp. 3d at 430 (noting that the court must "particularly [consider] whether compassionate release would undermine the goals of the original sentence");

*United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) ("Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2)."); *United States v. Coleman*, No. 2:16-CR-00139, 2020 WL 6334784, at *8 (W.D. Pa. Oct. 29, 2020) (denying compassionate release where the defendant had serious health conditions because two years remained on his eight-year sentence for drug offenses).

### C. Danger to the Community.

Defendant also has failed to show that he no longer is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see* Doc. 70 at 16. He repeatedly trafficked drugs, including methamphetamine, into the United States. Defendant also has a history of domestic violence and noncompliance with the law and court orders. *See* Doc. 58 ¶¶ 27-31. On January 11, 2019, Defendant was found to have violated conditions of his pretrial release by removing his location monitoring device and leaving his home without permission. Docs. 22, 36. The Court cannot conclude on the present record that Defendant no longer poses a danger to the community if released. *See United States v. Rosander*, No. 3:17-CR-00051-HZ-3, 2020 WL 5993065, at *4 (D. Or. Oct. 2, 2020) ("The Court commends Defendant for her conduct . . . during her incarceration thus far, but that alone is insufficient to establish that she no longer remains a danger to others or to the community."); *United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1243-44 (S.D. Fla. 2020) ("His medical condition – serious and deteriorating though it may be – did not deter him from committing the crimes for which he is now incarcerated. And there is no reason to believe that it will deter him from committing similar crimes in the future.").

### IV. Conclusion.

Defendant has shown extraordinary and compelling reasons for compassionate release, but release at this time would undermine the goals of sentencing set forth in § 3553(a). Defendant also has failed to show that he no longer is a danger to the community.

/ / /

/ / /

8

**IT IS ORDERED** that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 70) is **denied**.

Dated this 4th day of January, 2021.

David G. Campbell
Senior United States District Judge